IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSAL ATLANTIC SYSTEMS, INC., | |
| Plaintiff, | Civil Action No. 2:20-cv-5291 |
| vs. | |
| BOSTON MARKET CORPORATION | |
| Defendant. | |

**PLAINTIFF, UNIVERSAL ATLANTIC SYSTEMS, INC.'S AND PROPOSED SUBSTITUTED PARTY, SUNSET LEGACY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SUBSTITUTE PARTY PURSUANT TO RULE 25 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff, Universal Atlantic Systems, Inc. ("UAS") and proposed substituted party, Sunset Legacy, Inc. f/k/a UAS Sunset, Inc. ("Sunset Legacy"), by and through their undersigned counsel, files this Memorandum of Law In Support of the motion to substitute the plaintiff due to a transfer of interest pursuant to Rule 25(c) of the Federal Rules of Civil Procedure ("the Motion").

**FACTUAL BACKGROUND**

Plaintiff, UAS commenced this matter on October 23, 2020. On February 22, 2022, UAS entered into an Equity Purchase Agreement ("EPA") pursuant to which UAS was sold. Prior to the closing, UAS was a wholly owned subsidiary of Sunset Legacy. Pursuant to the agreement of the parties to the EPA, immediately prior to the closing, UAS transferred and assigned its interest in and liabilities related to the current litigation ("the Boston Market Claim") to its parent, Sunset Legacy. UAS's transfer and assignment of the Boston Market Claim to Sunset Legacy is documented in Section 6.10(a) of the EPA.

1

More specifically, pursuant to Paragraph 6.10(a) of the EPA, UAS transferred and assigned to Sunset Legacy "all Actions and Liabilities relating to or in connection with the Company's pre-Closing business relationship with Boston Market Corporation," including all of UAS's claims, obligations, liabilities and rights under the instant litigation (referred to in the EPA as the "Boston Market Matter")." *See* Paragraph 6.10(a) of the EPA attached as Exhibit "A".

Paragraph 6.10(a) further provides and requires that Sunset Legacy "will assume from and succeed the Company with respect to the Boston Market Matter in all aspects and the Parties shall take such steps as may be necessary and appropriate, at the expense of the Seller, to cause the Seller to succeed to the interest of the Company as to the Boston Market Matter in all respects." *See* Exhibit "A".

Sunset Legacy is a Pennsylvania corporation with a business address of 742 Cornerstone Lane, Bryn Mawr, Pennsylvania. Sunset Legacy is a resident of Pennsylvania.

## **LEGAL ARGUMENT**

Because UAS has assigned its rights to the instant litigation to Sunset Legacy, Sunset Legacy seeks to be substituted as the Plaintiff in this matter.

Rule 25(c) of the Federal Rules of Civil Procedure governs the substitution of parties following a transfer of interest and provides as follows:

> (c) Transfer of Interest. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

The substitution of parties pursuant to Rule 25(c) is appropriate when a transfer of interest in litigation arises following the filing of the original complaint. *Kanaji v. Philadelphia*

*Child Guidance Center of Children's Hospital*, 2001 WL 708898, No. Civ. A. 00-937 (E.D. Pa. June 20, 2001). "Such a substitution of corporate defendants to reflect a post-complaint merger is appropriate. *Id*. at *1. *See also Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993) ("transfer of interest" for purposes of Rule 25(c) occurs "when one corporation becomes the successor to another by merger or other acquisition of the interest" of the original corporate party); *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994) (allowing substitution of one corporate defendant for another after asset purchase); *DeVilliers v. Atlas Corp.*, 360 F.2d 292, 297 (10th Cir. 1966) (Rule 25(c) substitution proper to reflect merger).

Because all rights to the Boston Market Matter were transferred from UAS to Sunset Legacy as part of the EPA, Sunset Legacy respectfully requests that the Plaintiff in this matter be changed from Universal Atlantic Systems, Inc., to Sunset Legacy, Inc. The substitution of Sunset Legacy, Inc. as the Plaintiff will have no effect as to the timely prosecution of this matter.

UAS has requested Boston Market's consent to the relief sought in this Motion and Boston Market has consented to the relief sought in the Motion.

**RHOADES LLC**

By:   /s/ Mark L. Rhoades
      MARK L. RHOADES, ESQUIRE
      Attorney ID No. 80641
      mrhoades@rhoadesllc.com
      1812 Berlin Road
      Cherry Hill, NJ 08003
      215-496-9002 T
      215-893-3960 F

Counsel for Plaintiff,
Universal Atlantic Systems, Inc.
And Proposed Substituted Party, Sunset Legacy, Inc.

Dated: March 24, 2022

# EXHIBIT "A"

6.10 Boston Market Exclusions.

(a) Assignment of Boston Market Matter. Effective as of immediately prior to the Closing, the Company hereby conveys, transfers and assigns to the Seller, and the Seller hereby accepts and assumes from the Company, all Actions and Liabilities relating to or in connection with the Company's pre-Closing business relationship with Boston Market Corporation (the "**Boston Market Exclusions**"), including all of the Company's claims, obligations, Liabilities and rights under that certain proceeding captioned *Universal Atlantic Systems, Inc. v. Boston Market Corporation* (United States District Court, Eastern District of Pennsylvania, Docket No. 2:20-cv-05291) (the "**Boston Market Matter**"). No later than thirty (30) days after the Closing date, Seller shall at its expense, and in each case as approved by Buyer, (i) make such filings to the applicable Governmental Authority as may be necessary and appropriate to effectuate the assignment of the Boston Market Matter and provide evidence to the Buyer of the same, and (ii) cause any engagement letter between the Company and any legal counsel in respect of the Boston Market Matter to substitute Seller as the client and terminate counsel's representation of the Company as to the Boston Market Matter, with the Company being released from all Liabilities in connection with such engagement of legal counsel, and Seller shall provide evidence to the Buyer of the same. It is the intention of the parties that (a) Seller will assume from and succeed the Company with respect to the Boston Market Matter in all respects and the Parties shall take such steps as may be necessary and appropriate, at the expense of the Seller, to cause the Seller to succeed to the interests of the Company as to the Boston Market Matter in all respects and (b) all costs, expenses and/or liabilities in connection with the Boston Market Matter shall be borne solely by the Seller.